Duncan, J.
The court are unanimous in the opinion that there is no error in the judgment of the circuit court set forth in the first bill of exceptions; being satisfied, as well upon principle as authority, that it was not obligatory upon the prosecutor to examine Joseph M. Foulkes, whose name was subscribed to the paper alleged to be forged, as a witness to prove that said paper and the signature thereto were not in his handwriting, but that it was competent to prove the same facts by other witnesses, and that the testimony of such other witnesses would not be secondary in its nature, but of equal degree with the testimony of the said Joseph M. Foulkes, the only difference being as to its persuasive effect before the jury, which was a matter solely addressed to the discretion of the prosecutor.
The court are also unanimously of opinion, upon the second bill of exceptions, that a legal foundation was laid for the introduction of the secondary proof therein set forth, and that there is no error in the judgment of the circuit court to which that bill of exceptions relates.
But a majority of the court (judges Brown and Fry dissenting) consider that there is error in the judgment *842 of the circuit court set forth in the third bill of excep- . , . . . . . . . tlons 5 being or opinion that the writing set out m the indictment is one of which forgery could not be committed, either at common law or under the statute.
Judgment of circuit court reversed, and judgment of acquittal entered.